**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EMMANUEL C. GONZALEZ | § Case No. 2:14-CV-630-JRG-RSP |
| | § LEAD CASE |
| v. | § |
| | § Case No. 2:14-CV-651-JRG-RSP |
| AUTOTRADER.COM, INC. | § |

## MEMORANDUM ORDER

Before the Court is Autotrader.com, Inc.'s ("AT") Motion to Transfer Venue to the Northern District of Georgia (Dkt. 13, the "Motion").

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative

difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

**A.     Proper Venue**

Neither party disputes that the Northern District of Georgia is a proper venue for this case.

B.   **Private Interest Factors**

   1.   **Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44. Having reviewed the factual record, the Court finds that the cost of attendance for willing witnesses factor weighs in favor of transfer.

   2.   **Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). Having reviewed the factual record, the Court finds that the relative ease of access factor weighs in favor of transfer.

   3.   **Availability of Compulsory Process to Secure the Attendance of Witnesses**

It appears from the record that there are a substantial number of potentially relevant third-party witnesses who are within the subpoena power of the Northern District of Georgia but outside the subpoena power of this Court. Accordingly, this factor favors transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Gonzalez argues that this Court's handling of other related cases creates economy in declining transfer here. The Court agrees; transfer of each of the consolidated cases here would create substantial inefficiencies in judicial administration and require multiple courts to conduct parallel proceedings, which is a waste of judicial and party resources. Accordingly, this factor weighs against transfer.

### C. Public Interest Factors

#### 1. Local Interest in Having Localized Interests Decided at Home

AT argues that the Northern District of Georgia has a local interest in this suit at least in part because "AutoTrader is headquartered and employs more than 1,309 people in and around Atlanta." (Mot. at 12) The Court notes that the connection alleged by AT is not a connection to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*, but rather arises from the fact that some residents of the Northern District of Georgia may have an interest, financial or otherwise, in AT itself – a theory which raises troubling fairness implications. 545 F.3d at 318. AT has failed to show that this factor favors transfer, and the Court finds that this factor is neutral given AT's acknowledgement that its website and services are available equally to "people all over the world." (Mot. at 12.)

#### 2. Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Court finds that the remaining public interest factors are neutral.

## CONCLUSION

Having considered the relevant transfer factors, the Court finds that several of the most important factors favor transfer. Although Plaintiff's arguments with regard to judicial efficiency are well taken, AT's detailed factual analysis meets its burden of showing that the Northern District of Georgia is a clearly more convenient venue for this case. Accordingly, the Motion is **GRANTED** and it is **ORDERED** that this case be transferred to the Northern District of Georgia.

**SIGNED this 24th day of March, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE